IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,
#B58058,

    Plaintiff,

v.

C. WALL,

    Defendant.

Case No. 19-cv-01386-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  This case was severed from *Jones v. Quick, et. al*, No. 19-cv-01281-NJR, and contains the claim designated as Count 1 in the original case, described as a violation of the Eighth Amendment against Defendant Wall for the use of excessive force. (Doc. 1). On March 30, 2020, Jones filed a First Amended Complaint alleging violation of the Eighth Amendment pursuant to 28 U.S.C. § 1983. (Doc. 19).

  The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE FIRST AMENDED COMPLAINT

Jones alleges that while incarcerated at Pinckneyville Correctional Center ("Pinckneyville") he was involved in a staff assault on July 15, 2019. (Doc. 19, p. 10). After the altercation, he was sprayed with pepper spray and handcuffed by Lieutenant Wall and other correctional officers. (*Id.*). While he was already restrained and face down on the ground, Wall sat on his back and intentionally tightening his handcuffs, causing lacerations to his wrists. (*Id.* at p. 8, 10). Jones now has nerve damage in his right hand and wrist and left thumb. (*Id.* at p. 10). He claims that this was done in retaliation for his involvement in the staff assault. (*Id.* at p. 8).

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following two Counts:

**Count 1:** Eighth Amendment claim against Wall for the use of excessive force on July 15, 2019.

**Count 2:** First amendment claim of retaliation against Wall.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This includes his claim that "he was not given an opportunity to receive medical attention [for] his injuries" prior to his transfer to Menard Correctional Center. (Doc. 19, p. 10). This allegation is not asserted against the named defendant, and so, is dismissed without prejudice. *See Twombly,* 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

**Count 1**

While it is not clear at this stage whether Wall tightening Jones's handcuffs was excessive or "de minimis," Count 1 will proceed against Lieutenant Wall for using excessive force by sitting on Jones's back and tightening his handcuffs. *See Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001).

**Count 2**

To proceed on a retaliation claim, a plaintiff must first allege he was engaged in an activity protected by the First Amendment. *See Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). Because involvement in a staff assault is not protected by the First Amendment, Count 2 will be dismissed

### MOTION FOR RECRUITMENT OF COUNSEL

Jones has filed a Motion for Recruitment of Counsel (Doc. 15), which is denied.[2] Jones discloses that he has attempted to find an attorney by writing letters and includes in his motion the names and addresses of four different law firms he has contacted and a copy of a letter declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Jones indicates that because he is no longer at Pinckneyville, he will have a difficult time conducting discovery and taking depositions. Nonetheless, the Court finds that Jones can proceed *pro se*, at least for now. Jones states he has some college education, and his pleadings demonstrate an ability to construct coherent sentences and relay

---

[2] In evaluating Jones's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

information to the Court. Jones appears competent to try this matter without representation at this time. Once discovery has commenced, if Jones has significant difficulty, he may refile his motion.

## DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against **Lieutenant C. Wall,** and **Count 2** is **DISMISSED.**

The Motion to Appoint Counsel (Doc. 15) is **DENIED** without prejudice.

The Clerk of Court shall prepare for **Lieutenant C. Wall**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Jones. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Jones, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the

court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant needs only to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Jones, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2(A).

Finally, Jones is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

  **IT IS SO ORDERED.**

  DATED:   May 19, 2020

                                                                     *Nancy J. Rosenstengel*
                                                                     _____
                                                                     **NANCY J. ROSENSTENGEL**
                                                                     **Chief U.S. District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve him with a copy of your First Amended Complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Jones is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. Jones need not submit any evidence to the Court at this time, unless specifically directed to do so.