**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

REGINALD JONES,

               **Plaintiff,**

v.

CHAD WALL,

               **Defendant.**

**Case No. 19-cv-01386-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on various motions filed by Plaintiff Reginald Jones.

**I. Motion to Compel Reissuance of Subpoenas (Doc. 95) and Motion for Status (Doc. 98)[1]**

The Motion to Compel Reissuance of Subpoenas is **GRANTED**. Jones claims he never received the subpoenas sent to him by the Clerk of Court on October 26, 2021. Accordingly, the Clerk of Court is directed to resend Jones two (2) signed, but otherwise blank subpoenas.

Jones is reminded of the previous instructions given by the Court. When filling out the subpoenas, he shall give a reasonable time for response by marking the "Date and Time:" field as follows: "14 days after receipt." Jones shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to his grievances filed with the Office of Inspector General that are relevant to his claims. Jones is advised that he is responsible for serving the subpoenas in accordance with Federal Rule of Civil Procedure 45, and he is also responsible for paying the associated costs, even though the Court has found him to be indigent. *See Armstead v. MacMillian*, 58 Fed. App'x 210, 213 (7th Cir. 2003) (unpublished)

---

[1] The Motion for Status (Doc. 98) is **DENIED as moot** in light of this Order.

(District courts do not have statutory authority to waive witness fees for indigent civil litigants ). The use of certified mail through the United States Postal Service is sufficient to meet the service requirements. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012). In responding to the subpoena requests, the recipient shall provide Jones with two copies of each grievance requested. However, the recipient of the subpoenas is still free to file a motion to quash or modify. Finally, Jones is directed serve a copy of this Order along with the subpoenas.

## II. Motion to Compel Injunctive Relief for Extenuating Circumstances (Doc. 97, 103, 105, 106, 107, 108)[2]

Jones is currently incarcerated at Menard Correctional Center ("Menard"). He claims that because he filed civil lawsuits and listed employees of the Illinois Department of Corrections as witnesses in this case, there is an increased risk to his safety. Since May of 2020, Jones has been housed in the segregation unit of North 2 Cellhouse. He states he continues to refuse to be moved from segregation to protective custody or general population because he is concerned for his safety. Jones asserts that while litigating this case and case 20-cv-158-SMY, discovery has revealed that individuals with the same uncommon surnames work at both Pinckneyville Correctional Center ("Pinckneyville"), where Defendant Wall subjected him to excessive, and Menard. The familial relations between employees of both facilities further complicates his wellbeing. Even though he is no longer housed at Pinckneyville, Jones states that harm can still occur at Menard. He asks the Court to secure his residency in North 2 as discovery proceeds in this case.

The request is **DENIED**. "A preliminary injunction is an extraordinary remedy intended to preserve the status quo until the merits of a case may be resolved." *Ind. Civil Liberties Union v.*

---

[2] The Court **GRANTS** the Motions to Supplement the Motion to Compel Injunctive Relief (Doc. 103, 105, 108) and the Motion to Clarify (Doc. 107). The Motion to Compel is **DENIED as moot** (Doc. 106). Jones asks to be given the opportunity to receive, review, and respond to the documents Defendant Wall presents to this Court in response to the Motion to Compel Injunctive Relief. Defendant Wall is required to mail Jones any document he files. *See* General Order: 18-0014. Jones may file a reply brief if exceptional circumstances exist. SDIL-LR 7.1(g).

*O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). In order to obtain emergency injunctive relief, Jones must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Notably, the request for relief is not related to the claims at issue in this litigation. Although Jones alleges nepotism and conspiracy between staff at Pinckneyville and staff at Menard, he has not provided any specific factual claims about Defendant Wall's current conduct and involvement in Jones's housing, safety, and discovery issues at Menard. Chad Wall is the only defendant in this case, and the Court does not have jurisdiction over the employees at Menard to enjoin any of their conduct.

Furthermore, Chief Judge Rosenstengel has already addressed this request by Jones – twice. In *Jones v. Wills,* 20-cv-1128-NJR, Doc. 8 (S.D. Ill. Nov. 5, 2020), Jones requested a court order requiring officials at Menard to keep him in his current housing in North 2, and in *Jones v. Quick,* 19-cv-1281, Doc. 7 (S.D. Ill. Dec. 13, 2019), he sought a transfer to another prison. His motions were denied in both cases. A preliminary injunction is "not a generic means by which a

plaintiff can obtain auxiliary forms of relief that may be helpful to them while they litigate unrelated claims." *Bird*, 2020 WL 4219784, at *2. While staff at Menard maybe acting adversely towards Jones due to his prosecution of his claim against Defendant Wall, if Jones believes his constitutional rights are being violated, he will need to file a separate lawsuit to pursue these claims and related injunctive relief. A request for preliminary injunction is not the way to amend a complaint to add allegations or request assistance from the Court regarding discovery issues.

Even if the request was properly related to the excessive force claim against Defendant Wall, the Court notes that Jones has not shown how he is at risk of irreparable harm. As for his claims he is being hindered from conducting discovery, his discovery issues can be resolved by filing a motion to compel with the Court, after attempting to first confer with Defense Counsel. If Jones believes that documents produced by Defense Counsel are not accurate, he may make such arguments in a response to any summary judgment motion filed.

As for Jones's physical safety, he cites the need for protective housing due to falsification of his medical records, an alleged attack on him by correctional officers upon his arrival at Menard in 2019, familial ties between employees at Pinckneyville and Menard, and failure by internal affairs officers to properly photograph and document his injuries after the use of excessive force by Defendant Wall in 2019. As previously observed by the Chief Judge Rosenstengel over a year ago when Jones requested the same relief in *Jones v. Wall*, Jones does not allege any specific imminent or actual threats by corrections officers. (*See* No. 20-cv-01128-NJR, Doc. 80, p. 6-7). A "speculative fear of injury is not a ground for an injunction," *Wright v. Miller*, 561 F. App'x 551, 554 (7th Cir. 2014), and so the Court finds not only that Jones's request for emergency relief is outside the scope of the issues in this case but that he has not demonstrated he faces a specific threat of immediate and irreparable injury warranting the relief he seeks at this juncture. For these reasons, the Motion to Compel Injunctive Relief for Extenuating Circumstances is denied. (Doc.

97).

The Court must also address the date issues in the docket. In the Second Motion to Supplement (Doc. 105), Jones points out date discrepancies regarding the Supplement to the Motion to Compel Injunctive Relief. He states he sent the Supplement to the Motion to Compel Injunctive Relief (Doc. 103) to the law library to be filed on January 26, 2022. He takes issue that the date filed is January 26, 2022 when the documents were not scanned for e-filing until February 2, 2022. Jones states this defies logic.

As page 8 of Doc. 103 explains, the scanning machine at Menard was malfunctioning and so documents scanned on January 26, 2022, were not received by the Court until February 2, 2022, when the scanning machine was repaired. The malfunction affected all court filings scanned at Menard, not just the motion filed by Jones. Although received February 2, 2022, the Court back dated the document (Doc. 103) to reflect the date it was actually scanned for filing. The scanner has been repaired, and the issue is not cause for issuing Jones any sort of injunctive relief.

### III. Motions to Compel Discovery (Doc. 99, 101)

Jones asks the Court to compel Defendant Wall to produce: (1) the initial disclosures produced in case No. 19-cv-1281-NJR; (2) duty rosters for Unit 5 of Pinckneyville on July 15, 2019; and (3) copies of documents pertaining to his requests for protective custody transfer between June 1, 2019 and July 15, 2019.

The Motion to Compel Outstanding Documents is **DENIED.** (Doc. 101). Defense Counsel states in her response that the rosters were sent on February 4, 2022. (Doc. 104). As for the protective custody documents, Defense Counsel has been informed by Pinckneyville that the protective custody documents requested from 2019 do not exist. Instead, she has sent Jones protective custody documents and an incident report from 2020.

The Court finds these answers sufficient. The rosters have been provided and the protective

custody documents from 2019, as requested, do not exist, so there nothing to produce.

The Motion to Compel Initial Disclosures from case 19-cv-1281-NJR will remain pending. (Doc. 99). Defendant Wall is **DIRECTED** to file a response to the motion by **March 15, 2022.**

**IV. Motion to Compel Court Intervention to Conduct Discovery (Doc. 102)**

Defense Counsel is **DIRECTED** to respond to Jones's allegations that he is unable to conduct discovery because he cannot purchase pre-stamped envelopes and paper by **March 15, 2022.** The motion will remain pending. (Doc. 102).

**IT IS SO ORDERED.**

**DATED:   March 8, 2022**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**