IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD JONES,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**CHAD WALL,**<br><br>    **Defendant.** | **Case No. 19-cv-01386-SPM** |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case is before the Court on motions filed by Plaintiff Reginald Jones regarding discovery.

**I. Motion to Compel Court Intervention in Obtainment of Initial Disclosures (Doc. 99, 130)**

Plaintiff asks the Court to compel Defendant Wall to produce initial disclosures that he produced to Defense Counsel in another case he was litigating in this District, case number 19-cv-1281-NJR. He claims that his legal documents were destroyed on May 5, 2021, and he no longer has copies of the documents disclosed in that case. Plaintiff asserts that the documents are relevant because he is trying to establish why he did not seek medical treatment for his injuries sustained by the excessive force inflicted by Defendant Wall at Pinckneyville Correctional Center after he was transferred to Menard Correctional Center. Defendant Wall objects to the discovery request and argues that the documents are not relevant to this case. (Doc. 123).

The motion is **DENIED.** Plaintiff has not established that his initial disclosure documents from another case are relevant. He does not specify exactly which document he needs from the initial disclosures and how each document may be relevant to demonstrating that he was prohibited or discouraged in some way from obtaining medical treatment at Menard for his alleged injuries.

**II. Motion to Compel Court Intervention to Conduct Discovery (Doc. 102)**

Plaintiff asks for Court intervention stating that he is being inhibited from conducting discovery because he cannot purchase pre-stamped envelopes and paper.

The motion is **DENIED.** The record shows that Plaintiff purchased 99 pre-stamped envelopes from the commissary between September 1, 2021 and December 13, 2021. (Doc. 124-1, Inmate Commissary Fund). From August 6, 2021 through today, April 19, 2022, Plaintiff has filed over 200 pages in this case and served discovery requests on Defendant Wall on 15 handwritten pages. There is no evidence that Plaintiff is being prevented from conducting discovery due to lack of writing and mailing supplies.

**III. Motion to Compel Additional 10 Requests for Document Production (Doc. 115)**

The parties agree that Plaintiff has used 12 of his 15 requests for production. The Court has stated that this limit may be increased for good cause shown. (Doc. 63). Plaintiff states that the additional requests will be used to seek documents that will establish that his transfer from Unit 4 to Unit 5 at Pinckneyville was conducted in order to harass. Plaintiff states that he plans on requesting the Offender 360 tracking system in order to obtain the name of an inmate witness to the harassment. He also will use the additional requests to obtain names of staff who can attest to witnessing the harassment.

The motion is **DENIED.** Plaintiff has not shown good cause for allowing him to serve additional requests for production. He still has three document production requests remaining, and he has not provided enough information for the Court to conclude that 10 additional document requests are necessary to meet his goals of discovering additional staff and inmate names. Plaintiff may refile his motion, but upon refiling, he must provide the Court with his proposed requests for production of documents.

**IV. Second Motion to Supplement (Doc. 135)**

The Court will allow Plaintiff to supplement his Motion to Compel Service of Subpoena for a second time, and the Court will consider Doc. 135 when ruling on the Motion to Compel Service.

**IT IS SO ORDERED.**

**DATED:   April 19, 2022**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**
