IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD JONES,**
**#B58058,**

         **Plaintiff,**

v.

**CHAD WALL,**

         **Defendant.**

Case No. 19-cv-01386-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Before the Court are several motions filed by Plaintiff Reginald Jones.

### I. Motion for Clarification (Doc. 179) and Motions to Withdraw (Doc. 188, 190)

The Motions to Withdraw are **GRANTED.** (Doc. 188, 190). The Motion for Clarification filed on July 11, 2022 is **DEEMD WITHDRAWN.** (Doc. 179).

### II. Motions to Reconsider

Jones has filed four motions asking the Court to reconsider different provisions of the Order entered on July 8, 2022, at Doc. 178. (Doc. 180, 181,[1] 182, 184). Specifically, he asks the Court to reconsider the denial of his requests to compel Defendant Wall to produce 1) a Danville Correctional Center incident report from 2015; 2) a double cell assessment form; and 3) all documents pertaining to his submissions for transfer from May 8, 2019 through July 15, 2019. Jones also asks the Court to reconsider the denial of allowing him certain additional document production requests.

Under Rule 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of

---

[1] The motions to supplement (Doc. 186, 187) the motion to reconsider (Doc. 181) are **GRANTED.**

Page 1 of 4

all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). *See also Ahmed v. Ashcroft,* 388 F. 3d 247, 249 (7th Cir. 2004).

The motions for reconsideration are **DENIED.** (Doc. 180, 181, 182, 184). In the motions, Jones continues to argue why he feels the documents requested are relevant to his case. This is not an appropriate use of motions to reconsider. As he has not demonstrated an error of law or fact or presented newly discovered evidence, the Court finds no reason to reconsider its previous Order.

### III. Motion for Clarification (Doc. 183)

The motion is **GRANTED.** If Jones wishes to reference his mental health documents filed at Doc. 177 when filing a motion or response he may do so.

### IV. Motion for Leave to Serve Subpoenas and Written Depositions to Non-Parties (Doc. 185)

Jones has filed a motion seeking leave to submit written deposition questions to non-party individuals who staff of Pinckneyville and the Illinois Department of Corrections at the Springfield, Illinois office. He states that witnesses will be deposed at the facility where they work. Jones asks for the deposition questions to be administered by the litigation coordinator or a legal liaison at each facility and that subpoenas be served to the individuals requiring their presence at the deposition. At this point, Jones states he does not know the total number of individuals to whom he would like to submit written questions.

Because Jones is incarcerated, he must obtain leave of the Court to depose a person by written questions. FED. R. CIV. P. 31(a)(2). Written depositions "proceed in a similar manner as an oral deposition, aside from the questions being written in advances and read aloud by the officer."

*Riser v. Washington State Univ.,* No. 18-CV-00119-TOR, 2019 WL 5258049, at *1 (E.D. Wash. June 19, 2019). *See also Stanek v. St. Charles Comm. Unit Sch. Dist. #303* "Written responses to depositions upon written questions are not permissible." *Brooks v. Wilson*, No. 07-CV-0278 PS, 2008 WL 428005, at *1 (N.D. Ind. Feb. 13, 2008). "[T]he answers must be given extemporaneously and recorded, as in other depositions, either by a stenographer or by audio or video recorder." *Stanek,* at *2 (quoting Depositions Upon Written Questions, 3 BUS. & COM. LITIG. FED. CTS. § 24:4 (4th ed.)). *See also* FED. R. CIV. P. 31(b), 30(c).

      The motion for leave to depose persons by written questions is **DENIED.** Jones has not demonstrated that he is able to arrange and pay for the expenses that are associated with taking an indefinite number of written depositions at various correctional facilities. Such costs would include deposition officer fees, recording costs, witness fees, and the cost of the deposition transcript. Although Jones is proceeding *in forma pauperis,* the Court does not have the authority fund the discovery Jones may wish to conduct. *See McNeil v. Lowery,* 831 F.2d 1368, 1372 (7th Cir. 1987) ("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the court."). *See also Whaley v. Erickson,* No. 05-C-898, 2006 WL 3692633 at *3 (E.D. Wisc. Dec. 11, 2006) ("Arranging for an officer to meet with the defendants and conduct numerous depositions would involve considerable expense and time."); *Clark v. Schaller,* No. 06-C-242, 2006 WL 2882963, at *1 (E.D. Wisc. Oct. 10, 2006) (ruling that plaintiff's IFP status "does not entitle him to the government's assistance when he seeks to take depositions").

      Furthermore, the motion is vague and appears untimely. At this point in time, Jones has not identified exactly who he would like to depose, when, and where. Depositions taken by written questions require at least 28 days to allow service, cross-questions, and recross-questions. *See* FED. R. CIV. P. 31(a)(5). It seems unlikely that Jones could accomplish the written depositions by the close of discovery. Accordingly, the motion is denied.

### V. Motion to Compel Additional Production of Documents (Doc. 189)

Jones asks the Court to compel Defendant Wall to produce 1) a list of all IDOC disciplinary infractions for the year 2019; and associated penalties; and 2) the 2016 and 2019 Pinckneyville Orientation Handbook.

The motion is **DENIED.** Jones has not shown good cause to allow him these two additional requests for production. Contrary to Jones's assertions, the Court does *not* find that the denial of his repeated requests for protective custody by staff or his claim he was incorrectly doubled cell at Pinckneyville in July are relevant to whether Defendant Wall used force for the purpose of harming him in violation of the Eighth Amendment on July 15, 2019. (*See* Doc. 178, p. 8). Likewise, whether the disciplinary tickets written on July 12 and July 15 were correctly processed or miscategorized the infractions as major violations resulting in incorrect housing are not relevant to his claim against Wall. As previously stated, neither are the procedures for requesting protective custody.

### DISPOSITION

For the reasons stated above, the motions to withdraw are **GRANTED.** (Doc. 188, 190). The motion for clarification is **DEEMED WITHDRAWN.** (Doc. 179). The motion for clarification is **GRANTED.** (Doc. 183). The motions to supplement are **GRANTED.** (Doc. 186, 187). The motions to reconsider are **DENIED.** (Doc. 180, 181, 182, 184). The motion for leave to serve subpoenas and written depositions is **DENIED.** (Doc. 185). The motion to compel additional production of documents is **DENIED.** (Doc. 189).

**IT IS SO ORDERED.**

**DATED:   July 22, 2022**

                                       *s/Stephen P. McGlynn*
                                       **STEPHEN P. MCGLYNN**
                                       **United States District Judge**