IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD JONES,**<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>**CHAD WALL,**<br><br>　　　　　　　　Defendant. | Case No. 19-cv-01386-SPM |

## **MEMORANDUM AND ORDER**

**MCGLYNN, District Judge:**

　　This matter is before the Court on twenty-five motions filed by Plaintiff Reginald Jones.

**1. Motions to Supplement; Motion to Clarify (Doc. 206, 209, 211, 217, 221, 240)**

　　Jones has a practice of filing a motion and then days later, sometimes weeks, filing a motion to supplement the original motion with additional arguments or requests. While the Court has generally allowed such filings and considered Jones's additional arguments presented in the supplements, it will do so no longer. Throughout this litigation, Jones's motion practice has been excessive, but in the last two months, it has escalated.[1] Continually supplementing a motion hinders Defendant Wall's ability to fully respond to all of Jones's issues and claims and prevents the Court from timely ruling on the motions. At this time, further briefing or clarification on the issues that are pending before the Court are not required. Accordingly, the motions to supplement (Doc. 209, 211, 217, 221, 240) and the motion to clarify (Doc. 206) are **DENIED.** In the future, if the Court seeks further information regarding motions filed by the parties, it will direct further briefing or hold a hearing. Further attempts on the part of Jones to supplement his motions will be

---

[1] Since July 7, 2022, Jones has filed 38 motions.

stricken from the record.

### 2. Motions to Compel (Doc. 204, 207, 241)

Jones has also filed three motions to compel the production of certain discovery from Wall. Jones has been advised that prior to seeking assistance from the Court regarding discovery disputes, he is to first make a good faith effort to resolve his discovery issue directly with Defense Counsel. (*See* Doc. 88, 173). Here, Jones has not described any efforts he has taken to communicate with Defense Counsel prior to filing his motions to compel. *See* FED. R. CIV. P. 37(a)(1); *Thornton v. Lashbrook,* No. 17-cv-01296-NJR, 2020 WL 3871350, at *2 (S.D. Ill. July 9, 2020). Accordingly, the motions can be denied for this reason alone.

However, even if Jones had shown good faith efforts to resolve his disputes with Defense Counsel prior to filing the motions to compel, the Court would still deny the motions for the following reasons.

### a. Motion to Compel (Doc. 204, 241)

Jones asks the Court to compel Wall to allow him to view "the original video footage from 7-15-19." He was provided an opportunity to view a DVD of the footage on July 28, 2022, but the recording would not play. Jones notes that the DVD used was labeled differently than a photocopy of the DVD's cover that was produced in response to a discovery request. He believes the photocopied DVD is the original footage and claims he has the right to view the original footage on the "original media device from 7-15-19," not a copy. (Doc. 204; Doc. 220, p. 2).

In response, Defense Counsel confirms that the Menard Correctional Center ("Menard") officials were unable to play the DVD on July 28, 2022. (Doc. 212). After being notified, Defense Counsel has been working to coordinate with Menard and the IT department of the Office of Attorney General to determine a means to produce the video footage in a format that is compatible with Menard's equipment. On August 22, 2022, Defense Counsel mailed a USB drive containing

the video footage to Menard for Jones to view. She further contends that neither she, nor Wall, is in possession of the "original DVD." Defense Counsel obtained the footage from the Illinois Department of Corrections in an electronic format and created a copy of the footage for Jones to view.

As there is nothing for the Court to compel, the motions are **DENIED**. (Doc. 204, 241). Defense Counsel received an electronic copy of the video footage from the Illinois Department of Corrections, and she has been working to produce the footage in a format that is viewable to Jones at Menard. Neither Defense Counsel nor Wall have in their possession an "original DVD" as Jones claims. To the extent Jones is challenging the authenticity of the footage on the USB drive, Wall is **DIRECTED** to provide Jones an affidavit from the appropriate person authenticating the footage by **November 16, 2022.**

b. Motion to Compel (Doc. 207)

Jones asks the Court to compel Wall to produce 1) an unredacted copy of inmate Blackman's housing history; and 2) photographs taken following the staff assault and alleged excessive force incident on July 15, 2019, at Pinckneyville Correctional Center ("Pinckneyville"). The motion to compel is **DENIED.** (Doc. 207).

The Court will not compel Wall to produce an unredacted copy of inmate Blackman's housing history. Wall was directed to "produce to Jones any document containing information regarding Blackman's cell transfer the morning of July 15, 2019." (Doc. 178, p. 5). He has done so. Thus, there is no reason for Jones to have information pertaining to Blackman's housing history for other dates.

The Court will also not compel production of any additional photographs. Wall states that any photographs that were taken in relation to the staff assault and alleged excessive force on July 15, 2019, have already been produced. He is not aware of any additional photos. On July 8, 2022,

the Court ordered Wall to produce photos taken that day to the extent such photos existed. As no additional photos exist, there is nothing to compel.

### 3. Motion to Compel (Doc. 208)

Jones asks the Court to order that initial disclosures and second disclosures be filed on the record. The motion is **DENIED.** Discovery materials are not filed with the Court unless necessary to a motion. (Doc. 25, p. 2). *See also* SDIL-LR 26.1(b). If Jones disagrees with information provided to him by Wall during discovery, he may raise such arguments when responding in opposition to a motion for summary judgment, if filed, and include supporting discovery as exhibits to his response.

### 4. Second Motion to Compel Payment for Deposition (Doc. 210)

Jones seeks the Court's assistance in obtaining payment from the Menard Trust Fund Office for a copy of his deposition transcript and copies of Doc. 177 and 184, which are motions he filed with the Court. On July 29, 2022, the Court denied Jones's first request to order the Menard Trust Fund Officer to disburse the funds necessary to pay for a copy of his transcript. (Doc. 197). The Court noted that Jones had not demonstrated that he properly submitted a request for money to be disbursed from his account according to prison procedure. On August 15, 2022, he filed the current motion stating that since the Court's previous Order, he has attempted to reissue the money voucher for the payment of his deposition transcript. (Doc. 210). Due to time constraints, he is relying upon the Court for intervention. He states that he will be released on parole on November 28, 2022, at which time the funds in his prison trust fund account will be frozen. With this date quickly approaching, there is not sufficient time to file a grievance on the issue.

The motion is **DENIED**. (Doc. 210). Other than stating that he has resubmitted a money voucher, Jones has presented no evidence that he has put forth any effort to resolve this matter at his institution, such as filing a grievance or request slip for assistance or talking with his counselor.

The Court understands that Jones has limited time before he is paroled and processing his request has been slow, but the Court will not interfere with the administration of Menard when he has failed to show sufficient efforts of using the appropriate channels to resolve his issue. (*See* Doc. 197).

  5. **Motion to Clarify (Doc. 213)**

Jones asks the Court to clarify the following: 1) will he be given leave to locate inmate Blackman; 2) will he be given the means to add Blackman to his list of witnesses; 3) will he be allowed to subpoena witnesses for trial; 4) will this case be set for trial prior to or after November 28, 2022, his pending parole date; 5) when will he be required to make his witness list; and 6) should Defendant Wall's "attestments" be by written means under penalty of perjury pursuant to 28 U.S.C. §1746. Jones also compels the Court to acknowledge: 1) the reason for why he did not seek medical attention for his hand following the incident with Defendant Wall; 2) the threat Sergeant Jones poses to himself at Menard Correctional Center. The motion is **GRANTED in part** and **DENIED in part**.

First, the Court will not acknowledge any factual contentions at the discovery stage of litigation. Considering the merits of the parties' arguments and supporting evidence is done at the summary judgment and trial stages of the case. Additionally, Jones continues to assert that he is under a generalized threat at Menard but has yet to describe any specific conduct on the part of an individual staff member who has interfered with his ability to conduct discovery, outside the normal impediments imposed due to incarceration. As has been stated, the events that transpired at Menard following Jones's transfer are not relevant to whether Defendant Wall used excessive force against Jones at Pinckneyville.

The Court will give Jones information pertaining to trial. After the discovery is completed, the parties have 30 days to file motions for summary judgment, and 30 days to file responses in

opposition. As stated in the Scheduling Order, once the Court rules on any motions for summary judgment, and if Jones's claim survives, then the Court will hold a status conference with the parties to select a firm trial date. (Doc. 63, p. 3). Thus, this matter will not be given a trial date prior to Jones's parole date of November 28, 2022. In preparation for trial, the Court will provide the parties with detailed instructions and deadlines regarding the submission of a proposed pretrial order, witness lists, proposed jury instructions, motions *in limine,* and motions pertaining to requesting and serving subpoenas on witnesses.

As it is not clear if Jones is challenging an affidavit or declaration submitted to him by Wall, the Court cannot clarify for Jones whether a document submitted by Defendant Wall complies with federal law or Court rules.

### 6. Second Motion for Sanctions (Doc. 215)

Jones asks for sanctions due to Defense Counsel's failure to produce photo images as ordered by the Court in Doc. 178. As mentioned above, on July 7, 2022, the Court issued an order directing Defense Counsel to produce photos depicting the staff assault and excessive force to Jones on July 15, 2019, to the extent such photos were taken. (Doc. 178, p. 6). In his current motion, Jones argues that Defense Counsel responded to this discovery request stating, "No responsive documents identified. Upon information and belief, no photographs were taken on July 15, 2019." (Doc. 215, p. 2; Doc. 207, p. 8). He asserts this statement contradicts initial disclosures, which include images of himself taken after the July 15, 2019 incident. (Doc. 215, 228).

Defense Counsel responds that Jones has been provided the investigative report relating to the incidents on July 15, 2019, which contains all and any photographs taken. Wall has no knowledge of any additional photos that were taken. (Doc. 225).

The Court agrees that Wall's response to request for production of images related to the July 15, 2019, could be considered confusing given that Jones was previously provided pictures

during initial discovery as part of the investigative report. While it may have been clearer for Wall to respond that he is not aware of any *additional* photos, outside of what has been already produced, this response is not grounds for sanctions. Jones has not demonstrated that Defense Counsel or Wall acted in a way to intentionally mislead the Court or have in fact withheld photographs from him. Jones has been provided all the images relating to the July 15, 2019 incident, and there is nothing more for Wall to produce. Accordingly, any inconsistencies in the most recent response to the production request and previous discovery produced are harmless. The Court will not issue sanctions, and the motion is **DENIED.** (Doc 215).

7. **Motion to Compel Service of Subpoenas (Doc. 218, 222)**

Jones states that he mailed a subpoena to the Office of Inspector General on August 2, 2022, seeking copies of two complaints he filed in 2017 and 2019. As of September 6, 2022, he has not received the documents sought in the subpoena. Jones does not know if the subpoena was delivered or not and asks the Court to arrange for the Marshal's Service to serve the subpoena on his behalf. (Doc. 218, 222).

On October 3, 2022, Jones filed a motion to publish subpoena in which he states that he received the 2017 and 2019 grievance. (Doc. 231). Thus, the motions to compel service are **DENIED** as moot.

8. **Motion to Compel Identification (Doc. 224)**

Jones previously filed a motion to compel production of the identification cards for Wall and another staff member named Brian Miller. Wall agreed to coordinate with Menard to have Jones view, but not possess, institutional photographs of Wall and Miller. (Doc. 178, p. 8). According to Jones, on July 28, 2022, a staff member from the Menard litigation team showed him pictures of individuals, and he mailed Defense Counsel a letter indicating which individual he identified as Defendant Wall. (Doc. 224). As of August 29, 2022, Defense Counsel had not

received any documents from Jones indicating which individual in the photographs he believes to be Defendant Wall. In the current motion, Jones asks the Court to schedule a time and place for him to identify Wall for the record. (Doc. 224).

The motion is **DENIED.** Jones has had an opportunity to view the photos as requested. If the parties need to further communicate regarding the identification made by Jones, then they shall make such arrangements between themselves.

### 9. Motion for Verification (Doc. 226)

Jones has filed a motion to withdraw the motion for verification. (Doc. 230). The motion to withdraw is **GRANTED**. (Doc. 230). The motion for verification is **DEEMED WITHDRAWN.** (Doc. 226).

### 10. Motion for Status (Doc. 227)

The motion for status is **DENIED** as moot in light of this Order.

### 11. Motion to Compel Submission of Offense to the State's Attorney (Doc. 229)

Jones asks the Court to compel Defense Counsel to verify whether the evidence of the July 15, 2019 incident was submitted to the Perry Count State's Attorney Office, specifically the "original DVD" he seeks. Jones states that in documents he obtained through discovery, it was recorded that either the Pinckneyville Internal Affairs Unit or IDOC submitted evidence to the State's Attorney Office for possible prosecution against him for battery. Jones is unsure if this is true. He is concerned that the original DVD was sent to the State's Attorney Office. Jones argues that the defense in this case has the obligation to locate and submit for review the original DVD footage.

Jones is mistaken. It is not Defense Counsel or Wall's job to track down the location of discovery that he wishes to obtain. Parties are only required to produce documents that are in their "possession, custody, or control." FED. R. CIV. P. 34(a). The Court will not compel Wall to

communicate with the Perry County State's Attorney Office in order to obtain discovery on behalf of Jones. Accordingly, the motion is **DENIED.** (Doc. 229).

The Court notes that in the motion Jones again alleges that Defense Counsel has acted unethically regarding conduct that occurred in another case and not relevant to any issues before this Court. **Jones is WARNED that he will face sanctions if he continues to disparage or assert unfounded accusations against Defense Counsel Powell without concrete evidence of misconduct in** *this case.* See Wiese v. Cmty. Bank, 552 F. 3d 584, 591 (7th Cir. 2009) (noting there is a difference between zealous advocacy and "unnecessarily disparaging opposing counsel"). See also Ramirez v. T&H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016) (a court has the inherent authority "to regulate the conduct of those appearing before it…and may impose appropriate sanctions to penalize and discourage misconduct.").

### 12. Motion to Publish Subpoena (Doc. 231)

Jones asks to file on the record the grievances he has received from the Office of Inspector General in response to his subpoena. The motion is **DENIED.** As stated above, discovery is not filed on the record.

### 13. Motion to Compel Potential Medical Excursion (Doc. 234)

Jones states that he has repeatedly refused medical services at Menard but now is experiencing health issues and would like medical attention (Doc. 234, 239). He contends that he has not gone to the infirmary in the past because he is concerned for his safety due to threats posed by staff. He asks the Court to issue an order directing that he be treated at the North Two or general population infirmary.

The motion is **DENIED.** As Jones has been advised on more than one occasion, if he wishes to pursue emergency injunctive relief for claims unrelated to this case and against non-parties, he should file a motion in the appropriate case or file a separate case under 42 U.S.C. §

1983. (Doc. 6, 18, 37, 114, 159).

The motion to strike filed by Wall is **DENIED.** A motion seeking relief from the Court is not a "pleading," and bringing a "motion to strike is procedurally improper. *See Martin v. Fort Wayne Police Dep't,* No. 11-cv-350, 2014 WL 1319337, at *2 (N.D. Ind. Mar. 28, 2014).

### 14. Notices (Doc. 237, 239)

Jones has filed notices asking about the status of a motion to compel medical excursion sent on September 26, 2022, through the United States Postal Service ("USPS"). The Court received a motion to compel potential medical excursion on October 12, 2022 via the electronic filing. (Doc. 234). The Court has not received a motion requesting a medical excursion sent through the USPS.

### 15. Deadlines (Doc. 198, 233, 236)

Both parties have filed motions concerning the deadlines in this case. The motions are **GRANTED in part.** The parties shall have until **November 28, 2022,** to complete discovery. **During the next four weeks no new discovery requests may be issued or initiated**. The parties shall use the time to conclude responding to requests that have already been served. Dispositive motions are due on or before **December 28, 2022.**

**IT IS SO ORDERED.**

**DATED:   October 28, 2022**

                                                _s/Stephen P. McGlynn_
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**