**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

REGINALD JONES,
#B58058,

                    **Plaintiff,**                    │        **Case No. 19-cv-01386-SPM**

**v.**

**CHAD WALL,**

                    **Defendant.**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on three discovery motions filed by Plaintiff Reginald Jones. (Doc. 246, 248, 267). For the following reasons, all three motions are denied.

**I. Motion to Compel Compliance with Subpoena (Doc. 246).**

Jones served a subpoena on the Illinois Office of Executor Inspector General ("OEIG") asking for the copies of two complaints he previously filed, one in 2017 and one in 2019. He received a response to the subpoena from Attorney Higgerson, from the Office of the Illinois Attorney General, on September 26, 2022. Jones claims that the copies of the documents received are incomplete. The 2019 complaint is missing pages. He states he wrote a letter to Attorney Higgerson asking him "to send the pages that complete the complaint, and the 2nd complaint." (Doc. 246, p. 1). Jones asks the Court to compel compliance with the subpoena.

In response, Defense Counsel asserts that Attorney Higgerson certified that the Office of the Illinois Attorney General produced all responsive materials in the possession of the OEIG, and Attorney Higgerson also responded to Jones's letter. (Doc. 264, p. 1-2) (citing Doc. 246, p. 4)). Defense Counsel states that she cannot speak to what was previously produced as Jones did not

provide any copies, but as a courtesy, she sent Jones a second copy of the documents sent by Attorney Higgerson. Defense Counsel argues the motion should be denied.

The Court agrees, and the motion to compel compliance is **DENIED.** (Doc. 246). Jones has not provided that Court with a copy of the subpoena or the documents that were sent to him by Attorney Higgerson. Thus, the Court cannot determine whether the documents produced comply with Federal Rule of Civil Procedure 45, which governs nonparty subpoenas. It is also not exactly clear what Jones is seeking to compel. He states generally that the documents are incomplete and that pages are missing, but as stated in the letter attached to his motion, Attorney Higgerson responded to his inquiry that all responsive materials in the possession of the OEIG have been produced. As Jones has not provided sufficient information regarding what was requested and what was produced, the motion to compel is denied.

**II. Motion to Compel Identification of Defendant (Doc. 248)**

Jones also has filed a motion to compel identification of the defendant. He states that on July 28, 2022, he viewed pictures of Defendant Chad Wall and an individual named Brian Miller, both employees of Pinckneyville Correctional Center. He wrote Defense Counsel identifying the photo labeled Bates Stamped 523 as Chad Wall. Jones did not receive a response to his identification and wrote follow-up letters asking Defense Counsel to "acknowledge" his identification of "Chad Wall as the defendant in this case." (Doc. 248, p. 6).

Defense Counsel argues that Jones has not served a formal discovery request, and therefore, there is nothing to compel. (Doc. 265). She further states that it is Defendant Walls's position that Jones correctly identifying Wall in photograph is not "determinative of the underlying question of whether Defendant Wall was present on the day in question and committed the alleged excessive force." (*Id.* at p. 2). Thus, to the extent Jones is seeking agreement from Wall that he was present on the date in question when the alleged excessive force was used, Wall is unwilling to make such

an agreement.

The motion to compel identification is **DENIED.** (Doc. 248). In his letters to Defense Counsel, Jones appears to be seeking confirmation that Defense Counsel received his photo identification of Defendant Wall mailed on July 28, 2022. Based on her response to the motion, Defense Counsel received Jones's identification. Further, Jones has not sent a discovery request such as an interrogatory or document production request regarding the identification of Chad Wall. The Court agrees there is nothing to compel, and the motion is denied.

**III. Motion to Inquire of the Perry County States Attorney (Doc. 267)**

Jones's last motion is largely illegible, but it appears he is seeking permission to request documents from the Perry County State's Attorney. To the extent he is seeking a subpoena to request documents from the Perry County State's Attorney, the motion is denied as untimely. In the Court's Order dated October 28, 2022, the Court extended the discovery deadline to November 28, 2022, solely for the purpose of providing the parties sufficient time to respond to discovery requests that had already been served. (Doc. 245). The parties were advised that no new discovery requests could be issued or initiated. The Court has already extended discovery by several months and does not find good cause to extend the deadline any further. (Doc. 63). The motion is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   December 29, 2022**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**