IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

          Plaintiff,

v.

CHAD WALL,

          Defendant.

Case No. 19-cv-01386-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      This matter is before the Court on a motion to dismiss for want of prosecution filed by Defendant Wall pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 269). For the following reasons, the motion is **GRANTED.**

      This case was severed from *Jones v. Quick, et. al,* No. 19-cv-01281-NJR on December 23, 2019. On March 30, 2020, Plaintiff filed a First Amended Complaint, and he is proceeding on a single Eighth Amendment claim against Defendant Wall for the use of excessive force on July 15, 2019, at Pinckneyville Correctional Center. (Doc 19, 20). After the close of discovery, Defendant filed the pending motion. Defendant states that on November 28, 2022, he sent Plaintiff the Notice of Compliance that had been filed with the Court, and the document was returned to him marked "Return to Sender" with a note indicating the addressee had been paroled. (Doc. 269). Defendant also reviewed the public website for the Illinois Department of Corrections, which records that Plaintiff was released on parole on November 28, 2022. Defendant points out that early on in this case, the Court ordered Plaintiff to keep the Clerk of Court and each opposing party informed of any change in his address. (*See* Doc. 20). Plaintiff was warned that failure to do so may result in dismissal of this action. As Plaintiff has failed to update his address, Defendant asks the Court to

dismiss this case for want of prosecution.

After the motion was filed, the Court entered an order informing Plaintiff that he had until January 24, 2023, to file a response in opposition to the motion to dismiss. (Doc. 270). Plaintiff did not respond. On February 2, 2023, the Court entered a Show Cause Order warning Plaintiff that he had until February 16, 2023, to explain to the Court why this case should not be dismissed for failure to comply with court orders to file a notice of any change in address. (Doc. 274). Plaintiff was advised that in lieu to responding to the Show Cause Order he could simply file a response to the motion to dismiss. Again, Plaintiff was cautioned that failure to file a response to the Show Cause Order or the motion to dismiss would result in dismissal of this case.

At this time, Plaintiff has not updated his address, responded to the Show Cause Order or the motion to dismiss, or expressed any intentions to continue pursuing his claims. Therefore, the Court finds that Plaintiff has failed to comply with its orders and to prosecute this matter. Consequently, the motion to dismiss is **GRANTED**. (Doc. 269). This matter is **DISMISSED with prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005).

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   February 24, 2023

                                                                    *s/Stephen P. McGlynn*
                                                                    **STEPHEN P. MCGLYNN**
                                                                    **United States District Judge**